IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                               Case No. 13-10062-JTM

EDWARD GARCIA, JR.,

        Defendant.

MEMORANDUM AND ORDER

The court has before it defendant Edward Garcia, Jr.'s Motion to Dismiss (Dkt. 14). Garcia is charged with being a felon in possession of a firearm. He argues that the indictment should be dismissed because his prior conviction does not qualify as a felony. After reviewing the parties' arguments, the court denies the motion for the following reasons.

**I. Background**

On August 2, 2007, Garcia pleaded guilty to Attempted Aggravated Battery, a severity level nine person felony, punishable by up to seventeen months of imprisonment under Kansas law. Under the Kansas Sentencing Guidelines Act (KSGA), the sentencing range of a defendant is determined by the crime and the defendant's criminal history. Based on Garcia's criminal history, the court determined his presumptive sentence was six to eight months. The State did not move for a departure at sentencing, so the judge was bound by the range set forth in the KSGA. Ultimately,

the state court sentenced Garcia to seven months on November 4, pursuant to the KSGA.

On April 23, 2013, a federal grand jury returned an indictment against Garcia charging one count of felon in possession of a firearm and one count of felon in possession of ammunition. Garcia moves to dismiss the indictment because his state aggravated battery conviction does not constitute a felony under 18 U.S.C. § 922(g)(1).

**II. Analysis**

Federal law prohibits from possessing firearms or ammunition "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (2005). State law determines whether a state conviction qualifies as an underlying felony for purposes of § 922(g)(1). *See* 18 U.S.C. § 921(a)(20).

The U.S. Court of Appeals for the Tenth Circuit has addressed the KSGA sentencing structure in determining whether a prior crime constitutes a felony for the purposes of § 922(g)(1). *See United States v. Hill*, 539 F.3d 1213 (10th Cir. 2008). Jay Hill was convicted of a level eight felony in Kansas, a crime for which the sentencing range was between seven and twenty-three months. *Id.* at 1214. Hill's presumptive range was nine to eleven months because of his criminal history, and the State did not seek an upward departure. *Id.* After pleading guilty to being a felon in possession under § 922(g)(1), he argued on appeal that his prior conviction did not make him a felon because he did not face a sentence greater than eleven months based on the applicable sentencing grid. *Id.*

2

The Tenth Circuit rejected Hill's arguments, declaring that the maximum sentence must be calculated by focusing on the crime, rather than focusing on the particular defendant. *See id.* at 1218. The court relied upon *United States v. Rodriguez*, 553 U.S. 337 (2008), wherein the U.S. Supreme Court rejected the proposition "that mandatory guidelines systems that cap sentences can decrease the 'maximum term' of imprisonment." *Id.* at 1218 (quoting *Rodriguez*, 553 U.S. at 390). In *Rodriguez*, the Supreme Court was interpreting a provision of the Armed Career Criminal Act, but the Tenth Circuit interpreted that case as binding on its interpretation of § 922(g)(1), because the fact presented a "closely analogous context." *See Hill*, 539 F.3d at 1217.

Hill did not actually face a sentence in excess of one year, the Tenth Circuit found, because the prosecution did not even allege aggravating circumstances that would warrant an upward departure from the eleven month maximum sentence. *Id.* at 1218. But the crime Hill was convicted of carried a range of seven to twenty-three months. Because the language of § 922(g)(1) requires only that the *crime* be punishable by a term exceeding one year—rather than requiring that the individual convicted actually face imprisonment exceeding one year—the Tenth Circuit held that Hill was a felon in possession. *See id.* at 1218–1221. "Although an individual defendant's sentence may be capped at his presumptive guideline range, this does not negate the Kansas code which sets a statutory maximum for each crime." *Id.* at 1219.

The relevant facts in Garcia's case are essentially the same as those in Hill's. Garcia argues that the U.S. Supreme Court "unequivocally" rejected the *Hill* analysis in *Carchuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). But the Tenth Circuit has continued to

use the approach it outlined in *Hill*, even after *Carchuri-Rosendo*. *See United States v. Coleman*, 656 F.3d 1089 (10th Cir. 2011). Indeed, on May 23, 2013, in the District of Kansas, U.S. District Court Judge Belot denied the same type of challenge Garcia makes here, citing *Coleman*. *See United States v. Pena*, No. 12-10223-MLB, 2013 WL 2285444, at *1–3 (D. Kan. May 23, 2013). This court does not need to repeat Judge Belot's analysis. The Tenth Circuit's approach of focusing on the maximum punishment for the crime, rather than the maximum punishment the particular defendant actually faced, controls.

In passing § 922(g)(1), Congress established a rigid threshold in determining who may legally possess a firearm. An individual loses this right the *first* time he or she commits a crime determined by state law to be sufficiently dangerous to justify this restriction. Congress has determined that *any* person who commits a crime that could be punished by more than twelve months imprisonment can no longer carry a firearm, regardless of the individual's criminal history. A defendant convicted of a crime with a more extensive criminal history does not commit a different crime. *See Hill*, 539 F.3d at 1219.

Garcia was convicted of a crime punishable by up to twenty-three months imprisonment. Pursuant to a plain reading of § 922(g)(1), Garcia's possession of a firearm and ammunition was a violation of federal law. The court denies Garcia's motion to dismiss the indictment.

IT IS THEREFORE ORDERED this 9th day of August, 2013, that Garcia's Motion to Dismiss (Dkt. 14) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE